Singh v. Lynch

BIA
Christensen, IJ
A201 291 500

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of November, two thousand sixteen.

PRESENT:
    GUIDO CALABRESI,
    JOSÉ A. CABRANES,
    GERARD E. LYNCH,
        *Circuit Judges.*

_____

BALWINDER SINGH,
        *Petitioner,*

    v.                                    16-358
                                          NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:         Jaspreet Singh, Jackson Heights, N.Y.

FOR RESPONDENT:         Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Paul Fiorino, Senior Litigation Counsel; Judith R. O'Sullivan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Balwinder Singh, a native and citizen of India, seeks review of a January 6, 2016, decision of the BIA, affirming a May 20, 2014, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Balwinder Singh,* No. A201 291 500 (B.I.A. Jan. 6, 2016), *aff'g* No. A201 291 500 (Immig. Ct. N.Y. City May 20, 2014). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications like Singh's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements and evidence,

2

"without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. As discussed below, the adverse credibility determination rests on substantial evidence.

The agency reasonably relied on inconsistencies in Singh's testimony and other record evidence concerning his Shiromani Akali Dal Party ("SAD") membership—the heart of his claim of persecution. 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) ("[A] material inconsistency in an aspect of [an applicant's] story that served as an example of the very persecution from which he sought asylum . . . afforded substantial evidence to support the adverse credibility finding.").

As the IJ found, Singh's "vacillating testimony" concerning how he came to possess a letter from SAD's president undermined his credibility. Singh submitted the letter to confirm a matter central to his claim—his SAD membership. Singh testified that he obtained the letter at the SAD office

3

on March 31, 2009, the same day he officially joined the party, and asked for the letter because "his life was in danger."  The IJ reasonably concluded that Singh's testimony was implausible and inconsistent: it strains credulity that Singh would have feared harm based on his political opinion before he had joined the party, particularly given his testimony that he had not been harmed in any way before December 2009. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 66 (2d Cir. 2007) (holding that "IJ is entitled to consider whether the applicant's story is inherently implausible").  Moreover, the letter was dated September 2012, and lists Singh's New York address, making it impossible for Singh to have personally obtained it in India in 2009, as he testified.  Finally, the letter does not describe any of the three beatings Singh claims he had suffered; rather, it is a generalized form letter that mentions Singh only in the first and last paragraphs.  The agency reasonably found these discrepancies significant because the letter was the only evidence of Singh's SAD membership, and the omission of any incidents of persecution undermined his credibility.  *See Xiu Xia Lin*, 534 F.3d at 166 n.3 ("An inconsistency and an omission are . . . functionally equivalent.").

Singh argues that the agency erred in finding the letter implausible, explaining that his family was threatened by

4

members of the opposition party before 2009. The agency was not required to accept this explanation because it failed to account for the fact that the letter was generalized and omitted any incidents of persecution. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be compelled to credit his testimony." (quoting *Zhou Yun Zhang v. INS*, 386 F.3d 77, 76 (2d Cir. 2004))).

The IJ's adverse credibility determination was bolstered by additional inconsistent and evasive testimony related to Singh's family members in the United States. "Evasiveness is, of course, one of the many outward signs a fact-finder may consider in evaluating demeanor and in making an assessment of credibility." *Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006). Singh first testified that he had no family members in the United States. When pressed, Singh admitted that his sister used to live in the United States and that he still has one aunt residing here. *Id.* When confronted with his application, which listed a brother residing in the United States, Singh confirmed the accuracy of the information. The IJ was not required to credit Singh's explanations of confusion and forgetfulness given that he included his brother's

residence in his application and was asked multiple times about his family in the United States. *See Majidi*, 430 F.3d at 80.

Having questioned Singh's credibility, the agency did not err in concluding that Singh's corroborating evidence was insufficient to rehabilitate his testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The agency reasonably accorded diminished weight to letters from another brother and Singh's father-in-law in India, as well as the letter from a nursing home in India stating that Singh was treated there in January 2011. The letters were prepared for the purpose of litigation, the family letters were from interested parties not subject to cross examination, and the nursing home letter was written in 2012 and thus was not contemporaneous with the treatment Singh allegedly received. *See Matter of H-L-H- & Z-Y- Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (agency can give little weight to document drafted by interested witness not subject to cross examination), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012). "We defer to the agency's determination of the weight afforded to an

6

alien's documentary evidence." *Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013). Last, the IJ reasonably found "particularly striking" the absence of testimony or written statement from Singh's brother in the United States in light of Singh's testimony that his brother knew what happened to him in India. *See Biao Yang*, 496 F.3d at 273.

Given the multiple inconsistencies, Singh's evasiveness, and Singh's failure to provide reliable corroboration, it cannot be said "that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. That finding is dispositive of asylum, withholding of removal, and CAT relief because Singha's claims for all three forms of relief are based on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk